2004 ND 180

**In the Matter of the Application for DISCIPLINARY ACTION AGAINST T.L. SECREST, a Member of the Bar of the State of North Dakota.**

**Disciplinary Board of the Supreme Court, Petitioner**

v.

**T.L. Secrest, Respondent.**

**No. 20040243.**

Supreme Court of North Dakota.

Oct. 4, 2004.

REPRIMAND ORDERED

PER CURIAM.

[¶ 1] On April 6, 2004, T.L. Secrest admitted service of the Summons and Petition for Discipline. The Petition for Discipline asserts that Secrest was admitted to practice law in the State of North Dakota on July 13, 1956, and has been an attorney at law since that time. In 1993, Secrest represented Emelia Hirsch regarding es-

tate planning and prepared a revocable trust and an irrevocable trust. The purpose of the irrevocable trust was to avoid estate taxes upon Emelia Hirsch's death. Secrest assisted in the transfer of property from Emelia Hirsch to the trusts over the course of several years.

[¶ 2] The Petition further asserts that Secrest did not reasonably communicate to Emelia Hirsch the effect of the irrevocable trust he prepared for her for the purpose of minimizing estate taxes, and that Secrest did not advise the trustees appointed under the irrevocable trust of their duties and obligations in order to give effect to the purpose of the trust. The Petition alleges that Secrest violated N.D.R. Prof. Conduct 1.1 (Competence) and N.D.R. Prof. Conduct 1.4(B) (Communication).

[¶ 3] On April 24, 2004, Secrest filed his Answer to Petition for Discipline denying that he had violated N.D.R. Prof. Conduct 1.1 and N.D.R. Prof. Conduct 1.4(B).

[¶ 4] Subsequently, on August 30, 2004, Secrest, along with Paul W. Jacobson, Disciplinary Counsel, filed a Stipulation and Consent to Discipline admitting to a violation of N.D.R. Prof. Conduct 1.4(B), which provides that a lawyer shall explain matter related to the representation to the extent reasonably necessary to permit the client to make informed decisions. Secrest agreed to discipline in the form of a reprimand by the Supreme Court, and payment for the costs of the disciplinary proceedings in the amount of $500.

[¶ 5] The Hearing Panel filed its Report on August 30, 2004, accepting the Stipulation and Consent to Discipline finding that Secrest did not reasonably communicate to Emelia Hirsch the effect of

the irrevocable trust he had prepared for her, nor did Secrest reasonably advise Emelia Hirsch or the trustees appointed under the irrevocable trust of their duties and obligations under the trust. The Hearing Panel concluded Secrest violated N.D.R. Prof. Conduct 1.4(B), and recommended Secrest be reprimanded by the Supreme Court and pay the costs of the disciplinary proceeding in the amount of $500.

[¶ 6] The matter was submitted to the Court under N.D.R. Lawyer Discipl. 3.1(F)(2). Objections to the Report of the Hearing Panel were due September 19, 2004; no objections were filed. The Court considered the matter, and

[¶ 7] ORDERED, the Report of the Hearing Panel of the Disciplinary Board is accepted.

[¶ 8] FURTHER ORDERED, T.L. Secrest is reprimanded for violation of N.D.R. Prof. Conduct 1.4(B).

[¶ 9] FURTHER ORDERED, T.L. Secrest pay costs of the disciplinary proceeding in the amount of $500, payable to the Secretary of the Disciplinary Board.

[¶ 10] GERALD W. VANDE WALLE, C.J., CAROL RONNING KAPSNER, MARY MUEHLEN MARING, DALE V. SANDSTROM and WILLIAM A. NEUMANN, JJ., concur.